FILED
United States Court of Appeals
Tenth Circuit

May 31, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OVEX GOMEZ-ALVAREZ,

Defendant - Appellant.

No. 11-3218
(D.C. No. 2:11-CR-20011-CM-1)
(D. Kansas)

ORDER AND JUDGMENT[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant and appellant Ovex Gomez-Alvarez, a citizen of Mexico, pled guilty to one count of illegally reentering the United States, after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Despite his plea of guilty, Gomez-Alvarez seeks to appeal his conviction and sentence. His defense counsel avers that Gomez-Alvarez raises the following arguments: his plea of guilty was not knowingly and voluntarily made; the district court erred in including a 16-level enhancement in calculating his advisory sentence under the United States Sentencing Commission, Guidelines Manual ("USSG"); the sentence imposed is not substantively reasonable; and he did not receive effective assistance of counsel before the district court. Gomez-Alvarez's appointed counsel, Stephen W. Kessler, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Gomez-Alvarez has filed a *pro se* Response to that brief, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and Gomez-Alvarez's Response, as well as our own careful review of the record. For the reasons set forth below, we agree with Mr. Kessler that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

In September of 2008, Gomez-Alvarez was convicted of selling cocaine in a Kansas state court, and he was sentenced to eighteen months' imprisonment. In December of 2009, he was released from the custody of the Kansas Department of Corrections and was deported to Mexico.

On January 27, 2011, Gomez-Alvarez was pulled over in his truck by Kansas police because he failed to signal a turn. He identified himself as Carlos Gonzalez-Alvarez and informed the police officer that he had never been arrested and had no identification on him. Gomez-Alvarez further told the officer that the truck belonged to a friend named Raymond Gomez-Alvarez. When the officer asked for additional identification, Gomez-Alvarez looked through his wallet, but was unable to produce anything. The officer asked for permission to look through the wallet, and Gomez-Alvarez agreed. The wallet contained a money transfer form bearing the name of Ovex Gomez-Alvarez. When he was informed that it was a crime to lie about his true identity, Gomez-Alvarez admitted his actual name and conceded that he had been afraid to give his real name because he did not have a driver's license. A subsequent records check revealed that he was a previously deported felon. The police officer then contacted Immigration and Customs Enforcement ("ICE") and an ICE agent appeared and took Gomez-Alvarez into custody.

On February 23, 2011, Gomez-Alvarez was indicted on one count of reentering the United States after having previously been deported following his conviction for a felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On April 25, 2011, he pled guilty without a plea agreement.  In connection with Gomez-Alvarez's sentence, the United States Probation Office prepared a presentence report ("PSR"), which calculated an advisory sentence under the Guidelines.  The PSR established a base offense level of eight, pursuant to USSG §2L1.2(a), which it then increased by sixteen levels based upon Gomez-Alvarez's prior felony conviction.  See USSG §2L1.2(b)(1)(A)(i).  Following a three-level reduction for acceptance of responsibility, Gomez-Alvarez's total offense level was twenty-one.  With a criminal history category of IV, the applicable advisory Guidelines sentencing range was fifty-seven to seventy-one months.[1]

Gomez-Alvarez did not file objections to the PSR, although his counsel at sentencing noted Gomez-Alvarez's objection to the way in which the Guidelines calculated his criminal history category.  While it is not completely clear from the record, it appears that Gomez-Alvarez believed that his criminal history score overstated the seriousness of his criminal history.  The district court overruled this objection.

---

[1]In addition to his prior drug conviction, Gomez-Alvarez had two prior convictions for domestic battery.

-4-

Defense counsel requested a sentence between eighteen and twenty-four months, while the government requested a sentence of sixty-eight months. Defense counsel further stated that he believed the Guidelines range was too high and that the sentence imposed punished Gomez-Alvarez again for his prior convictions.

The district court agreed with the PSR's calculations and, after hearing statements and arguments from both parties, including Gomez-Alvarez's request for leniency and for a variance from the advisory Guidelines sentence because he had reentered the United States in order to assist his ill mother, sentenced Gomez-Alvarez to sixty months' imprisonment. The court stated that it had also expressly considered the sentencing factors contained in 18 U.S.C. § 3553. This appeal followed.

**DISCUSSION**

The Supreme Court decision in Anders authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after conscientious examination," the lawyer finds the appeal "wholly frivolous." Anders, 386 U.S. at 744. Invoking Anders requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has an opportunity to respond to his attorney's arguments. United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at

744).  In evaluating the attorney's request to withdraw, we are required to "conduct a full examination to determine whether [the] defendant's claims are wholly frivolous."  Id.  If they are, we may grant counsel's motion to withdraw and dismiss the appeal.  Id.

For the reasons set forth below, we agree with Mr. Kessler that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant Mr. Kessler's motion to withdraw and dismiss this appeal.

Gomez-Alvarez's counsel suggests four conceivable grounds for appeal: invalid guilty plea, error in the sixteen-level increase imposed by USSG §2L1.2(b)(1)(A)(i), the substantive unreasonableness of the sentence, and ineffective assistance of counsel.  In addition, in his *pro se* Response to Mr. Kessler's Anders brief, Gomez-Alvarez endeavors to raise six additional issues: (1) a claimed error in that his counsel "stated to [him] that [he] would be pleading only to RE-ENTRY nothing more"; (2) his counsel was ineffective for failing to file a motion to suppress evidence; (3) the district court lacked jurisdiction to file the indictment because he had already been transferred to ICE custody; (4) he was entitled to credit on his sentence of time spent (from 1/27/2011 to 2/25/2011) in ICE custody; (5) his prior removal or deportation violated due process and therefore could not constitute grounds for enhancing his current sentence; and (6) his conviction and sentence violate the Geneva Convention.  Appellant's Resp. at

1-2.  Our review of the record convinces us that none of these arguments

constitutes a nonfrivolous basis for an appeal in this case.

**I.  Guilty Plea**

A defendant's plea of guilty is enforceable when made knowingly and

voluntarily.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004).  "To

enter a plea that is knowing and voluntary, the defendant must have a full

understanding of what the plea connotes and of its consequence."  United States

v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002).

In the context of the acceptance of a guilty plea, Fed. R. Civ. P. 11 "is

designed to assist the . . . judge in making the constitutionally required

determination that a defendant's plea is truly voluntary."  United States v. Ferrel,

603 F.3d 758, 762 (10th Cir.) (quotations omitted), cert. denied, 131 S. Ct. 481

(2010).  Accordingly, in accepting a guilty plea, a court must place the defendant

under oath and, in open court, inform the defendant of various rights and

obligations.  See Fed. R. Crim. P. 11(b).

In this case, because Gomez-Alvarez failed to object to the district court's

Rule 11 colloquy, he must bear the burden on appeal to demonstrate that plain

error occurred in connection with the Rule 11 colloquy.  United States v. Vonn,

535 U.S. 55, 59 (2002); United States v. Landeros-Lopez, 615 F.3d 1260, 1263

(10th Cir. 2010).  "Plain error occurs when there is (1) error, (2) that is plain,

which (3) affects the defendant's substantial rights, and which (4) seriously

affects the fairness, integrity, or public reputation of judicial proceedings."

Landeros-Lopez, 615 F.3d at 1263 (quotations omitted).

Our review of the colloquy between the district court and Gomez-Alvarez reveals no basis for finding plain error in Gomez-Alvarez's plea of guilty. His counsel avers that the record reveals no basis for a claim that Gomez-Alvarez misunderstood any aspect of that colloquy and Gomez-Alvarez himself only claims that his counsel stated that he "would be pleading only to RE-ENTRY nothing more." Appellant's Resp. at 1. Without more, this conclusory claim provides no support for a claim that it was plain error for the district court to accept Gomez-Alvarez's guilty plea as knowing and voluntary.

## II. Sixteen-Level Increase in Offense Level

In calculating Gomez-Alvarez's advisory Guidelines sentencing range, the district court properly increased Gomez-Alvarez's offense level by sixteen based upon his prior deportation following a conviction for the felony of selling cocaine. USSG §2L1.2(b)(1)(A)(i).[2] While Gomez-Alvarez does not challenge the propriety of that increase under the Guidelines as written, his counsel suggested at his sentencing hearing that such an increase is unfair and punishes a defendant again for conduct (the prior felony) for which the defendant has already

---

[2]We review sentences for substantive and procedural reasonableness under an abuse of discretion standard. United States v. Lopez-Macias, 661 F.3d 485, 488-89 (10th Cir. 2011). Procedural reasonableness involves an assessment of "the method by which the sentence is calculated." Id. at 489.

been sentenced.  His counsel also suggested that Gomez-Alvarez's criminal history score was too high, given his actual past conduct, in part because his two domestic violence charges involved the same woman and she was sanctioned as well.

None of these arguments are sufficient to overcome the presumption of reasonableness attached to a within-Guidelines sentence imposed by the district court.  We have previously rejected arguments similar, if not identical, to the general attacks Gomez-Alvarez launches against the Guidelines governing his conviction.  See e.g., United States v. Martinez-Barragan, 545 F.3d 894, 905 (10th Cir. 2008) (noting that "reentry of an ex-felon is a serious offense"); United States v. Ruiz-Terrazas, 477 F.3d 1196, 1204 (10th Cir. 2007) (holding that claimed "double-counting" of a prior conviction to calculate both the offense level and a sentencing enhancement is permissible).  To the extent Gomez-Alvarez attempts to raise a policy objection to the sixteen-level increase contained in the Guidelines, we have explicitly rejected that argument.  See United States v. Alvarez-Bernabe, 626 F.3d 1161 (10th Cir. 2010).  These allegations do not constitute nonfrivolous reasons to appeal the sentence in this case.

### III.  Substantive Reasonableness of Sentence

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set

forth in 18 U.S.C. § 3553(a)." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted). "We review substantive reasonableness claims for abuse of discretion," id., "afford[ing] substantial deference to [the] district court[]." United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008). A sentence within the properly-calculated Guidelines range is presumed on appeal to be reasonable. Alvarez-Bernabe, 626 F.3d at 1167.

At sentencing, Gomez-Alvarez argued for a sentence below the advisory Guidelines range because he had illegally reentered the United States in order to help his diabetic mother in getting needed medical care, and because of his disagreement with the Guidelines as applied to his case. We have already found no basis for appeal in Gomez-Alvarez's generalized objection to the Guidelines as applied to his particular case. We also find no nonfrivolous basis in his claim that his family circumstances, in particular his mother's illness, cause his within-Guidelines sentence to be substantively unreasonable. Our court has acknowledged that the "extensiveness of 'family and cultural ties,' however the factor is characterized, will still be part of tailoring an appropriate sentence[,] . . . [but] it is also clear in assessing the reasonableness of a sentence that a particular defendant's cultural ties must be weighed against other [§ 3553] factors." United States v. Galarza-Payan, 441 F.3d 885, 889 (10th Cir. 2006). The district court clearly weighed Gomez-Alvarez's personal situation against the other relevant

sentencing factors in arriving at the within-Guidelines sentence imposed. This argument provides no nonfrivolous basis for an appeal.

## IV.  Ineffective Assistance of Counsel

Defense counsel suggests that Gomez-Alvarez wishes to argue that his trial counsel was ineffective because he "failed to advise him of the immigration consequences of his plea and conviction . . . and fail[ed] to request a sentence variance based on the lack of a 'fast-track' program in the District of Kansas." Appellant's Br. at 17.[3]  Gomez-Alvarez also argues in his Response that his counsel was ineffective in failing to file a motion to suppress "evidence used to convict appellant" because the state police officer "held appellant from going on his way for over TWO HOURS before the officer called ICE AGENT," because the "search" of his wallet was unreasonable, and because the initial stop of Gomez-Alvarez was racially motivated.  Appellant's Resp. at 1-2.

"It is well settled that the right to the effective assistance of counsel applies to certain steps before trial . . . [including] the entry of a guilty plea."  Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012).  The Supreme Court has further held that counsel has "an obligation to advise [the defendant] that the offense to which he [is] pleading guilty would result in his removal from this country," such that the

_____

[3]We assume that this issue involves a similar ground as Gomez-Alvarez's allegation in his Response that error stemmed from his counsel's statement to him that he "would be pleading only to RE-ENTRY nothing more."  Appellant's Resp. at 1.

failure to so advise can constitute ineffective assistance of counsel. <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473, 1478 (2010).

"Except in rare circumstances, '[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.'" <u>United States v. Flood</u>, 635 F.3d 1255, 1260 (10th Cir. 2011) (quoting <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)). Furthermore, "[w]hen ineffective assistance of counsel claims are pursued on direct appeal, they 'are presumptively dismissable, and virtually all will be dismissed.'" <u>Id.</u> (quoting <u>Galloway</u>, 56 F.3d at 1240).

With respect to Gomez-Alvarez's claim that his counsel was ineffective in failing to advise him of the immigration consequences of pleading guilty, we observe that during his guilty plea proceedings, Gomez-Alvarez was repeatedly asked whether he had been informed of the consequences of pleading guilty. <u>See</u> Tr. of Change of Plea Hr'g at 3, 5-6, R. Vol. 2 at 6, 8-9. He consistently responded affirmatively. Furthermore, Gomez-Alvarez responded positively when asked if he understood "that [his] plea of guilty may result in an order of deportation from the United States." <u>Id.</u> at 11. Accordingly, this presents a "rare circumstance[]" where we can resolve this ineffectiveness claim here, on direct appeal, rather than deferring its consideration to collateral review. It is clear from the record that Gomez-Alvarez had been informed by his counsel that a guilty plea could result in deportation.

With respect to Gomez-Alvarez's claim that his counsel was ineffective in failing to file a motion to suppress, we discern no such rare circumstance permitting our evaluation of that claim on direct appeal. The claim is conclusory and we have no information upon which to make a determination as to the effectiveness of counsel in connection with the possibility of filing a motion to suppress.

## V. Gomez-Alvarez's Other Claims

Gomez-Alvarez also argues, in his *pro se* Response, that the district court lacked jurisdiction to file an indictment of him because the arresting police officer had transferred him to ICE custody. He cites an unnamed "fifth Circuit" decision in support. Appellant's Resp. at 2. This conclusory and undeveloped argument provides no nonfrivolous basis for an appeal.

He further avers that he is entitled to credit on his sentence for time spent in ICE custody. Gomez-Alvarez cites no authority for this claim. This argument also provides no nonfrivolous grounds for appeal.

Finally, Gomez-Alvarez argues that his "'Stipulated Removal or Deportation ORDER' failed to comply with Due Process, Judicial Review . . . under [United States v.] Mendoza-Lopez[, 481 U.S. 828 (1987)]," Appellant's Resp., attach. #2, and that his arrest and/or conviction and sentence violated the Geneva Convention because he was never told he could contact the Mexican

Consulate at any time. He fails to develop these arguments, or present any evidence as to the nature of his deportation order.[4]

## CONCLUSION

We agree with Gomez-Alvarez's counsel that no meritorious basis exists for Gomez-Alvarez's appeal of either his conviction or his sentence. We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[4]We note, in any event, that 8 U.S.C. § 1326(d) was amended subsequent to Mendoza-Lopez, and now requires an alien challenging an underlying deportation to demonstrate that he exhausted any applicable administrative remedies, that he was denied the opportunity for judicial review, and that the order was fundamentally unfair.