FILED
United States Court of Appeals
Tenth Circuit

December 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN CHACON-OROZCO,

Defendant - Appellant.

No. 09-2236

(D. New Mexico)

(D.C. No. 2:08-CR-01688-WJ-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

## I.    INTRODUCTION

On April 3, 2009, Martin Chacon-Orozco pleaded guilty without a plea agreement to unlawful entry by a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b). The United States District Court for the District of New Mexico sentenced him to 96 months' imprisonment, the top of the advisory guidelines range of 77 to 96 months. On appeal he raises two unpreserved

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

challenges to the procedural reasonableness of his sentence, and also challenges its substantive reasonableness. We affirm.

## II.     BACKGROUND

In 1990 Mr. Chacon-Orozco pleaded guilty to kidnapping, conspiracy to commit kidnapping, and robbery, and was sentenced to 12 years' imprisonment. He had initially been charged with homicide and felony kidnapping. In 1996, while incarcerated, he was twice convicted of the crime of possession of a deadly weapon by a prisoner, and sentenced to an additional nine years' imprisonment, six months of which was suspended. On February 5, 2007, after serving nearly 17 years in prison, he was deported to Mexico.

Two United States Border Patrol agents encountered Mr. Chacon-Orozco walking in an area south of Deming, New Mexico, on June 18, 2008. When questioned, he admitted that he had illegally entered the United States from Mexico the previous evening. He was arrested on a charge of unlawful entry by a deported alien.

## III.     DISCUSSION

### A.     Procedural Reasonableness

Mr. Chacon-Orozco challenges the procedural reasonableness of his sentence, arguing that it was improper for the district court to consider at sentencing (1) that he waited until three days before the scheduled start of trial to plead guilty to the illegal-reentry charge and (2) that in 1990 he originally was

charged with homicide.  Because he failed to object below to the court's consideration of these matters, we review his procedural-reasonableness challenge for plain error only.  *See United States v. Caraway*, 534 F.3d 1290, 1298 (10th Cir. 2008).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the [defendant's] substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  The defendant has the burden of establishing all four elements of plain error.  *See United States v. Gonzalez*, 558 F.3d 1193, 1199 (10th Cir. 2009).

Mr. Chacon-Orozco's arguments fail at the first step.  The district court committed no procedural error.  Mr. Chacon-Orozco received a two-level decrease in offense level for acceptance of responsibility.  But he was not entitled to a further one-level decrease because he delayed too long in accepting responsibility.  By waiting until the eve of trial to offer his plea, he put the government to the burden of substantial trial preparation.  Under the guidelines his offense level could be reduced by an additional point only if he had "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  USSG § 3E1.1(b).

Nor did the district court err in considering the 1988 homicide charge.  The court referred to that charge in observing that the victim of the 1988 kidnapping

had died. The inference drawn by the court was a reasonable one. In any event, the court's observation did not affect Mr. Chacon-Orozco's offense level. The 16-level enhancement to his offense level under USSG § 2L1.2(b)(1)(A)(ii) was based on his prior kidnapping conviction. *See* USSG § 2L1.2 cmt. n.1(B)(iii) ("'Crime of violence' means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault . . . .").

**B.      Substantive Reasonableness**

Mr. Chacon-Orozco also challenges the substantive reasonableness of his sentence. He argues that the 16-level enhancement he received under USSG § 2L1.2(b)(1)(A)(ii) is overly punitive, that the guidelines double-counted his prior kidnapping conviction because the conviction caused both a 16-level enhancement to his offense level and a three-point addition in determining his criminal-history category, and that the length of his sentence acts as a disincentive for rehabilitation. He points out that his guidelines offense level was comparable to that for such offenses as robbery with serious bodily injury and sex trafficking of children.

We review the substantive reasonableness of Mr. Chacon-Orozco's sentence for abuse of discretion, giving substantial deference to the district court's determination. *See United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v.*

*Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted). A sentence imposed within a properly calculated guidelines range is presumptively reasonable, *see id.*, although the defendant may rebut the presumption "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)," *id.* (internal quotation marks omitted).

Mr. Chacon-Orozco has failed to rebut the presumption of reasonableness. He acknowledges that the challenged double counting is permitted by the guidelines. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007) (this court has "routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it"). More importantly, his criminal history reveals his dangerousness and contempt for the law. This country does not welcome people with records like his, and severe punishment is appropriate for his uninvited entry. We do not address Mr. Chacon-Orozco's contention that his sentence discourages rehabilitation. We do not understand it, and he does not develop it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that . . . are inadequately presented[] in an appellant's opening brief.").

## IV.  CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge