FILED
United States Court of Appeals
Tenth Circuit

June 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

MARIO OCHOA-OLIVAS,

  Defendant-Appellant.

No. 10-2250
(D.C. No. 2:10-CR-00049-WJ-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

On the morning trial was set to commence, Mario Ochoa-Olivas pled guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b). Using the 2009 United States Sentencing Guidelines, the district court calculated an advisory guideline imprisonment range of ninety-two to one hundred and fifteen months. Then, the district court varied to impose a sentence below that range: eighty months' imprisonment.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ochoa-Olivas now appeals, arguing that the district court clearly erred by not granting him a two-level reduction for acceptance of responsibility under United States Sentencing Guideline § 3E1.1.  Ochoa-Olivas also argues that the sentence imposed by the district court is both procedurally and substantively unreasonable.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

On October 27, 2009, U.S. border patrol agents encountered Ochoa-Olivas in Luna County, New Mexico.  Ochoa-Olivas admitted to the agents that he was a Mexican citizen and that he had no immigration documents that permitted him to be in the United States legally.  Immigration records revealed that Ochoa-Olivas had been deported previously on December 5, 1988, following a felony conviction for selling marijuana for which he received eighty-four months' imprisonment.

A grand jury indicted Ochoa-Olivas with one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b).  A trial was scheduled to begin on May 3, 2010.  On that morning, the district court assembled the jury venire, but they were dismissed when Ochoa-Olivas announced that he wanted to plead guilty.  After that announcement, the district court conducted a change-of-plea hearing, and Ochoa-Olivas pled guilty to the one count charged against him.

In preparation for sentencing, a probation officer prepared a presentence report (PSR), in which she calculated an advisory guideline range of seventy-seven to ninety-six months' imprisonment, based on an offense level of twenty-two and a criminal history

category of V. The probation officer calculated the offense level in the PSR as follows: The base offense level was eight. See U.S.S.G. § 2L1.2(a) (2009). Then, the probation officer added a sixteen-level enhancement because Ochoa-Olivas was previously deported after a conviction for a felony drug trafficking offense for which the sentence imposed exceeded thirteen months. See U.S.S.G. § 2L1.2(b)(1)(A)(i). Finally, the probation officer applied a two-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1. The probation officer noted that Ochoa-Olivas did not qualify for a three-level reduction for acceptance of responsibility because he "did not notify authorities of his intention to enter a plea of guilty in a timely manner; thereby causing the government to prepare for trial and the court to allocate resources." (Aplt. App., vol. II at 8.) Thus, the total offense level was twenty-two. The probation officer determined that Ochoa-Olivas's criminal history category was V, and Ochoa-Olivas does not challenge that calculation on appeal.

The United States objected to the probation officer's recommendation of a two-level reduction for acceptance of responsibility. The United States argued that it expended resources in preparing for trial and in providing travel and lodging for witnesses to attend the trial. Therefore, it argued that Ochoa-Olivas should not be entitled to any reduction for acceptance of responsibility.

The district court agreed and sustained the Government's objection. It concluded that "a two-level reduction for acceptance of responsibility is not appropriate because the Defendant waited until the morning of trial to plead guilty." (Aplt. App., vol. I at 35.)

3

Therefore, the district court applied an offense level of twenty-four and a criminal history category of V, which yields an advisory guideline imprisonment range of ninety-two to one hundred and fifteen months. But at sentencing, the district court varied below that range and imposed eighty months' imprisonment.

## II. DISCUSSION

### A. Downward Adjustment for Acceptance of Responsibility

We review a district court's determination not to grant a reduction for acceptance of responsibility for clear error. United States v. Hutchinson, 573 F.3d 1011, 1032 (10th Cir. 2009). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.5 (2009). "For this reason, the determination of the sentencing judge is entitled to great deference on review." Id.

Ochoa-Olivas contends that the district court clearly erred because it should have granted a two-level downward adjustment as he met the criteria for acceptance of responsibility. The Government counters that the "timing of the decision to plead guilty is important precisely because the adjustment was meant to expedite resolution of cases, and thereby to prevent prosecutive and judicial resources from being expended needlessly." (Aple. B. at 9.) Therefore, the district court did not clearly err by denying Ochoa-Olivas this downward adjustment.

Having carefully reviewed the record, we conclude that the district court did not clearly err by refusing to grant the two-level downward adjustment for acceptance of responsibility. The Sentencing Guidelines explicitly allow the district court to consider

4

the timeliness of a defendant's guilty plea. U.S.S.G. § 3E1.1 cmt. n.1(h). We caution that a late decision to plead guilty does not necessarily disqualify a defendant from receiving a downward adjustment for acceptance of responsibility. But a defendant who pleads guilty does not necessarily qualify for a downward adjustment for acceptance of responsibility either. See id. § 3E1.1 cmt. n.3. It is up to the district court to determine whether a defendant qualifies for this downward adjustment using the appropriate considerations. In this case, the district court did just that, and therefore we cannot say that the district court committed clear error.

## B. Reasonableness of the Sentence

We review a district court's sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. United States v. Smart, 518 F.3d 800, 802 (10th Cir. 2008).

### 1. Procedural Reasonableness

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008).

Ochoa-Olivas argues that the district court miscalculated the advisory guideline imprisonment range because it failed to apply a two-level downward adjustment for acceptance of responsibility. That argument lacks merit. We concluded that the district

5

court did not clearly err by refusing to grant a two-level downward adjustment for acceptance of responsibility, and we need not revisit our reasoning for that conclusion here. The district court properly calculated both Ochoa-Olivas's offense level and criminal history category. Based on those calculations the district court correctly concluded that the advisory guideline imprisonment range in this case was ninety-two to one hundred and fifteen months. Therefore, the district court did not impose a procedurally unreasonable sentence.

## 2. Substantive Reasonableness

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Huckins, 529 F.3d at 1317 (internal quotation marks omitted). "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). On appeal we presume a sentence within the properly calculated guideline range to be substantively reasonable. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." Id.

Ochoa-Olivas argues that "[d]ouble counting a single twenty-two year old marijuana conviction is overly punitive and substantially over-represents Mr. Ochoa-

Olivas's criminal history because double-counting his prior marijuana conviction caused both a 16-level enhancement to his offense level and a three-point addition in determining his criminal-history category." (Aplt. B. at 9.) The Sentencing Guidelines, however, indicate that a conviction taken into account for the purposes of calculating a defendant's offense level "is not excluded from consideration of whether that conviction receives criminal history points." U.S.S.G. § 2L1.2 cmt. n.6. And this Court previously held that "double counting" of a conviction to calculate both the offense level and the criminal history category is permissible. United States v. Ruiz-Terraza, 477 F.3d 1196, 1204 (10th Cir. 2007). We are bound by that precedent and cannot say that the district court abused its discretion by following that precedent. Thus, the district court did not impose a substantively unreasonable sentence.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Ochoa-Olivas's sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

7