**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ISMAEL GONZALEZ-BARRERAS, a/k/a
Miguel Gonzalez-Gomez,

      Defendant - Appellant.

No. 11-1077
(D. Colo.)
(D.C. No. 1:10-CR-00235-WYD-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

      Ismael Gonzalez-Barreras pled guilty to illegal re-entry after deportation subsequent to an aggravated felony conviction and was sentenced to 80 months imprisonment. He appeals, claiming his sentence is substantively unreasonable. We affirm.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

      This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

## BACKGROUND

Gonzalez-Barreras, a citizen of Mexico, came to the United States in 1981. Since that time, he has been deported four times; his last deportation occurred in January 2005. Like the others, that deportation did not stick. In December 2008, he reentered the United States, where he remained at large until December 2009, when he was arrested by the Denver Police Department for possession of a forged instrument. After he completed his 90-day jail sentence for that offense, he was indicted in federal court with illegal re-entry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2). He pled guilty to the indictment pursuant to a plea agreement.

A presentence investigation report (PSR) determined the base offense level was 8. *See* USSG §2L1.2(a).[1] Because he had previously been convicted of "a felony . . . drug trafficking offense for which the sentence imposed exceeded 13 months," the base offense level was increased by 16. *See* USSG §2L1.2(b)(1)(A). After receiving a 3-level downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, the total offense level was 21. The PSR determined his Criminal History Category was VI. With that criminal history and a total offense level of 21, the advisory guideline range was 77 to 96 months imprisonment.

Gonzalez-Barreras asked for a 4-level downward variance to a sentence of 51 months, claiming it was reasonable considering the 28 U.S.C. § 3553(a) factors. He pointed out that his advisory guideline range was largely the result of the 16-level

---

[1] Gonzalez-Barreras was sentenced pursuant to the 2010 edition of the United States Sentencing Commission Guidelines Manual. All citations to the guidelines in this decision refer to the 2010 guidelines unless otherwise indicated.

enhancement provision of USSG §2L1.2(b)(1)(A). Relevant here, he argued that provision was not entitled to deference because it (1) was not based on empirical evidence and therefore the United States Sentencing Commission was not operating within its characteristic institutional role when drafting it and (2) results in his previous drug conviction being "double counted"—once to increase his criminal history score and again to increase his base offense level. (R. Vol. I at 75.)

The district court denied his motion for a downward variance. Instead, it determined a sentence near the bottom of the guideline range (but not at the bottom) was appropriate and sentenced him to 80 months imprisonment. The court was concerned with the "severity of his criminal record" which was "non-stop" from 1993 to 2009. (R. Vol. II at 26, 30.) It said:

> He's in Criminal History Category VI. He's been deported four times, and he comes back to this country and commits crimes, including felonies. So this situation . . . is distinguishable from people who come back and either get no convictions, or maybe they get convicted for illegal reentry. But he comes back and commits independent crimes, so one could argue that he is a threat to public safety.

(R. Vol. II at 26.)

## DISCUSSION

Gonzalez-Barreras now repeats the argument made in the district court – his 80-month sentence is substantively unreasonable because the 16-level enhancement provision of USSG §2L1.2(b)(1)(A) is, itself, inherently unreasonable as it "is not based on empirical data and national experience" and therefore "does not exemplify the Sentencing Commission's exercise of its characteristic institutional role." (Appellant's

Br. at 11 (quotations omitted).) He also argues the enhancement "creates unwarranted sentencing disparities because it treats every defendant who was convicted of any drug trafficking offense and who was sentenced to more than 13 months [imprisonment] the same, notwithstanding potentially significant differences between them." (*Id.* at 7-8.)

"We [normally] review sentences for substantive reasonableness under an abuse-of-discretion standard." *United States v. Middagh*, 594 F.3d 1291, 1294 (10th Cir. 2010). However, as Gonzalez-Barreras acknowledges, his arguments are foreclosed by our decision in *United States v. Alvarez-Bernabe*, 626 F.3d 1161 (10th Cir. 2010), which we are bound to follow "absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). He raises the issues only to preserve them for possible further review.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge