**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALTER AGUILAR-PEREZ,

Defendant - Appellant.

No. 11-6251

W.D. Oklahoma

(D.C. No. 5:11-CR-00121-C-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Walter Aguilar-Perez pled guilty to one count of

illegally reentering the United States after previously being deported following a

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a). He was sentenced to sixty-four months' imprisonment. Arguing his sentence is substantively unreasonable, he appeals that sentence, which we affirm.

## BACKGROUND

Mr. Aguilar-Perez, a citizen of El Salvador, was first convicted in New York 1996 on drug charges and was sentenced to one to three years' imprisonment. He was again convicted in 1997 on drug charges and sentenced, once again, to one to three years' imprisonment, to run concurrently with his previous conviction. In 2000, Mr. Aguilar-Perez was convicted for carjacking, second-degree robbery and evading an officer in California and sentenced to nine years' imprisonment for those crimes.

In 2009, the government deported Mr. Aguilar-Perez to El Salvador. He reentered the United States in February 2010, and moved to Oklahoma City, Oklahoma. He was subsequently arrested by the Oklahoma City police. Following that arrest, agents from the Immigration and Customs Enforcement ("ICE") interviewed Mr. Aguilar-Perez and determined that he was a previously deported felon and that he was in the United States illegally. After being indicted by a grand jury for unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a), Mr. Aguilar-Perez pled guilty without a plea agreement.

In preparation for sentencing under the advisory guidelines of the <u>United States Sentencing Commission</u>, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR").  The PSR calculated a base-offense level of 8, followed by a 16-level enhancement under §2L1.2(b)(1)(A) because Mr. Aguilar-Perez had been previously deported after a felony conviction for carjacking with a gun.  After deducting 3 points for acceptance of responsibility, Mr. Aguilar-Perez's total offense level was 21, and with a criminal history of V, his advisory Guidelines sentencing range was seventy to eighty-seven months.

Mr. Aguilar-Perez filed objections to the PSR and he filed a sentencing memorandum requesting a downward departure or variance because two of his prior convictions used to calculate his criminal history occurred when he was only fourteen years old, and his criminal history category overstated the seriousness of his criminal history.  He also asked the district court to find that the illegal reentry guideline provision (in particular the 16-level increase automatically added to the 8-point base offense level) lacks empirical support, and that other, more inherently dangerous crimes, have the same or even a lower Guidelines sentence than the illegal reentry conviction he received.

At sentencing, the district court observed that Mr. Aguilar-Perez's virtually non-existent employment record and extensive criminal history indicated he had no interest in being a productive member of society.  The court stated:

Well, to me, the point is not what charges are pending but what Mr. Aguilar has added to our life in this country, and that is virtually nothing other than crimes, starting at his age 14 selling a drug as . . . serious as heroin, carjacking at the point of a gun, coming right back and being drunk on the street.

I look at his employment record, and maybe he was involved in painting and roofing, but he doesn't know when and he doesn't know where.

This clearly is the kind of person that does not wish to become a productive member of society here in this country. He just wants to live better than he could in San Salvador, I suppose.

I don't know what motivates you Mr. Aguilar, but I'm going to motivate you to not come back the next time you're deported, and I think that requires a serious prison sentence. You just need to be convinced that, if you're going to come back again, you better make sure that you're abiding by the laws and don't get caught, because the next time you get caught the sentence will double again.

The whole point is to persuade you and others in your position that you cannot come back to this country.

Tr. of Sentencing at 13, R. Vol. 3 at 17. The district court stated that a within-Guidelines sentence was reasonable, but it concluded that the court would "vary downward by six months to take into account [Mr. Aguilar-Perez's] ICE detention . . . ." Id. at 13-14.

The district court rejected all of Mr. Aguilar-Perez's other arguments for a downward variance from his sentence and imposed a sentence of sixty-four months, six months below the applicable Guidelines range. On appeal, Mr. Aguilar-Perez does not challenge the procedural correctness of the sentence.

Rather, he claims it is substantively unreasonable when considering the factors under 18 U.S.C. § 3553.

**DISCUSSION**

We review the substantive reasonableness of a sentence under the deferential abuse of discretion standard, taking into account the totality of the circumstances in light of the § 3553(a) factors. Gall v. United States, 552 U.S. 38, 46 (2007), United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir.), cert. denied, 132 S. Ct. 828 (2011). A sentence that is within or below the properly calculated Guidelines range (which is the case here), is presumed to be reasonable. See id. at 1145.

"A district court abuses its discretion 'when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable.'" United States v. Alvarez-Bernabe, 626 F.3d 1161, 1165 (10th Cir. 2010) (further quotation omitted). "We may not examine the weight a district court assigns to various [18 U.S.C.] § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence imposed].'" United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) (quoting Gall, 552 U.S. at 51).

Under these standards, Mr. Aguilar-Perez must clear a very high bar to establish that the district court acted outside its very broad discretion in choosing a sentence not only in accordance with the Guidelines but below the properly calculated Guidelines range. He falls well short of that goal.

Mr. Aguilar-Perez's principal argument consists of a broadside attack on the sentencing guideline for illegal reentry following a specified felony conviction. USSG §2L1.2(b)(1)(A). That guideline provides for a 16-level increase to the base offense level of 8 if the defendant was previously deported after a conviction for a felony involving, *inter alia,* drugs, violence or guns. Id. It applied to Mr. Aguilar-Perez because of his prior felony conviction for carjacking, a crime of violence.

Mr. Aguilar-Perez contends that the guideline constitutes a structural error in the Guidelines, and, in any event, should not have been applied to him because the resulting offense level of 24 is indefensibly harsh. He mounts these arguments under two different headings relating to § 3553(a) factors—nature of the offense (§ 3553(a)(1)), and sentencing Guidelines structure (§ 3553(a)(generally))—but they employ the same basic reasoning.

He argues that an offense level of 24 is a level (triple the level assigned to reentry as such) assigned to much more serious crimes, and that illegal reentry does not involve the same risk of injury as other felonies. Continuing that line of reasoning, he argues that the 16-level increase is unsupported by any rational

basis and "tends to undermine the statutory objectives of promoting respect for the law and providing just punishment," as called for in § 3553(a)(2)(A). Appellant's Opening Br. at 8-9.

He cites no authority in support of these arguments, and acknowledges that we have explicitly rejected similar arguments relating to the structure of the Guidelines providing advisory sentences for reentry following conviction for a felony. Id. at 9-10. See United States v. Alvarez-Bernabe, 626 F.3d 1161 (10th Cir. 2010). That rejection applies to his other arguments as well.

Finally, Mr. Aguilar-Perez briefly argues that his history and characteristics do not warrant a 64-month sentence. He states that he was young when he dealt drugs, and committed carjacking within four months of his release from prison. He was then deported after serving nine years in prison. He contends that these facts "fall short of the kind of egregious history that would warrant such a lengthy sentence . . . ." Appellant's Opening Br. at 8.

The district court had all these facts and other facts before it at sentencing. Clearly applying the § 3553(a) factors, the district court noted, among other things, Mr. Aguilar-Perez's life of crime in this country, including selling drugs and carjacking at the point of a gun, as well as the absence of any employment record. The district court did not abuse its discretion in imposing a 64-month sentence.

**CONCLUSION**

The sentence imposed by the district court is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge