FILED
United States Court of Appeals
Tenth Circuit

December 18, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN M. BATTS,

Defendant - Appellant.

No. 12-3062

(D. Kansas)

(D.C. No. 2:10-CR-20102-CM-1)

---

ORDER AND JUDGMENT[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Defendant Adrian Batts pleaded guilty in the United States District Court for the District of Kansas to one count of conspiracy to distribute crack cocaine one business day before his case was set for trial. He appeals the denial of the one-point offense-level reduction under USSG § 3E1.1(b) for timely acceptance of responsibility. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant was charged in five counts of a six-count indictment alleging various drug and firearm offenses. Trial was scheduled to begin on Monday, February 14, 2011. On Friday, February 11, Defendant pleaded guilty without a plea agreement to the count charging conspiracy to distribute five or more grams of crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846.

The presentence investigation report (PSR) computed a total offense level of 18 (including a two-point reduction for acceptance of responsibility under USSG § 3E1.1(a)) and a criminal-history category of IV, which resulted in a guideline range of 41 to 51 months' imprisonment. The PSR also noted that the government could move for an additional one-point reduction for timely acceptance of responsibility under USSG § 3E1.1(b). Defendant objected to the PSR on the ground that the total offense level did not include the additional one-point reduction. In response to the objection, the government opposed the additional reduction because Defendant offered his plea after it had already prepared for trial. The district court overruled the objection and sentenced Defendant to 51 months' imprisonment.

USSG § 3E1.1(b) provides for a one-point offense-level reduction "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct *by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial* and permitting the government and the court to allocate

their resources efficiently" (emphasis added). The government does not, however, have unlimited discretion to refuse to file such a motion. "[A] court can review the government's refusal to file a Section 3E1.1(b) motion . . . if it finds the refusal was (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *United States v. Blanco*, 466 F.3d 916, 918 (10th Cir. 2006) (internal quotation marks omitted).

Defendant does not argue that the government was animated by an unconstitutional motive. Rather, he argues that by pleading guilty *before* the morning of trial, resources could be allocated more efficiently than if he had waited until the morning of trial. He notes that the jury pool did not need to appear, the court calendar was freed, and prosecutors and government witnesses were able to attend to other duties.

We reject this argument. Defendant concedes that the government prepared for trial. His guilty plea therefore did not "permit[] the government to avoid preparing for trial." USSG § 3E1.1(b). It is not enough that his plea might have come even later. The government was sufficiently inconvenienced that it was justified in refusing to move for the reduction. *See United States v. Kimple*, 27 F.3d 1409, 1413 (9th Cir. 1994) ("[W]e emphasize that a defendant who pleads guilty on the eve of trial is not entitled to the reduction for timely acceptance of responsibility under subsection (b)(2)."); *United States v. Chacon-Orozco*, 421 F. App'x 810, 811–12 (10th Cir. 2010) (defendant who pleaded guilty three

days before trial had "put the government to the burden of substantial trial preparation" and was not entitled to sentence reduction under USSG § 3E1.1(b)).

We AFFIRM the district court's judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge