FILED
United States Court of Appeals
Tenth Circuit

**March 19, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-3209 |
| | (D.Ct. No. 6:12-CR-10043-MLB-1) |
| JOSE SOTO-LOPEZ, | (D. Kan.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Jose Soto-Lopez pled guilty to a one-count indictment charging

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

him with illegal reentry of a deported alien subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b). He now appeals his sixty-three-month downward variant sentence, claiming United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2(b)(1)(A)(ii), which applies a sixteen-level enhancement to previously convicted aliens like himself, is defective, unusually severe, and otherwise facially invalid, resulting in an unreasonable sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Soto-Lopez's sentence.

## I. Factual and Procedural Background

Mr. Soto-Lopez was deported in 2007 following his 2006 felony conviction for burglary of a dwelling. In 2010, while incarcerated in the Seward County, Kansas jail, authorities discovered, and Mr. Soto-Lopez admitted, that he entered the United States illegally following his 2007 deportation. After Mr. Soto-Lopez pled guilty to illegal reentry of a deported alien subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b), a probation officer prepared a presentence report calculating his sentence under the applicable 2011 Guidelines.

The probation officer set Mr. Soto-Lopez's base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a), and increased it sixteen levels, pursuant to

§ 2L1.2(b)(1)(A)(ii), for his prior deportation following his 2006 felony burglary conviction which, as he admits on appeal, is a crime of violence under application note 1(B)(iii) to U.S.S.G. § 2L1.2(b). The probation officer also calculated a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-one. The presentence report also set Mr. Soto-Lopez's criminal history category at VI, which, together with an offense level of twenty-one, resulted in a recommended Guidelines range of seventy-seven to ninety-six months imprisonment.

Even though Mr. Soto-Lopez stated he had no objection to the presentence report, he filed a formal motion requesting a downward departure for cultural assimilation and a downward variance pursuant to 18 U.S.C. § 3553(a) based on his history and characteristics, including his cultural assimilation to the United States and the "excessive nature" and "unusual severity" of the sixteen-level enhancement under § 2L1.2(b), which, he argued in part, allows impermissible double counting of prior convictions. Similarly, at the sentencing hearing, Mr. Soto-Lopez acknowledged he did not object to the presentence report or calculation of his sentence but renewed his request for a downward departure based on the issue of cultural assimilation and downward variance based on the § 3553(a) factors previously raised and his argument that no empirical data or logical explanation supported the promulgation of a sixteen-level enhancement

-3-

under U.S.S.G. § 2L1.2(b). The government opposed both a downward departure and variance and, in so doing, suggested Mr. Soto-Lopez's cultural assimilation consisted of a consistent criminal record over many years which showed a blatant disregard for the law and that his character was marred by his failure to spend time with, or pay child support for, his four children, his spotty employment history, and his problems with drinking and driving.

In denying Mr. Soto-Lopez's request for a downward departure, the district court expressly considered the circumstances surrounding his cultural assimilation, including the fact he came to the United States as a child, and his criminal history, noting that while much of it was relatively minor compared to criminals with a similar history category, Mr. Soto-Lopez had committed multiple crimes and failed to comply with the laws of the United States and the State of Kansas. It also acknowledged it must give § 2L1.2(b) respectful consideration, regardless of whether it disagreed with the premise of a sixteen-level enhancement, and explained no impermissible double counting occurred involving Mr. Soto-Lopez's prior felony burglary conviction.

After denying a downward departure, the district court granted Mr. Soto-Lopez's request for a downward variance. It explained it had considered the § 3553(a) sentencing factors, including the requirement his sentence be sufficient

but not greater than necessary to comply with those factors; the nature and circumstances of the serious offense of unlawful reentry; Mr. Soto-Lopez's unfavorable history and characteristics, including his failure to both maintain contact with or care for his family or gain substantial employment over the years; his lack of respect for the laws of the United States and failure to be deterred, now or in the future, by the possibility of being convicted or serving a long sentence; and the need to protect the public from a defendant, like Mr. Soto-Lopez, who commits other crimes while illegally in the United States. However, despite these circumstances, it explained it was imposing a below-Guidelines sentence of sixty-three months, which it premised on the issue of cultural assimilation and a reduction in the sixteen-level increase under § 2L1.2(b), for which it stated it would "give him a little bit of a break." When asked what portion of the variance it credited to the sixteen-level enhancement or the other § 3553(a) factors, the district court declined to quantify how much of the variance it attributed to each.

## II. Discussion

In appealing his sixty-three-month downward variant sentence, Mr. Soto-Lopez claims the variance unfairly amounted to the equivalent of only a two-level reduction and that the sixteen-level enhancement under U.S.S.G. § 2L1.2(b) is itself defective, unusually severe, or otherwise invalid, resulting in unreasonable

sentences for defendants like him. In support of this argument, Mr. Soto-Lopez provides a comprehensive discussion of why the promulgation of § 2L1.2(b) demonstrates a lack of sound policy rationale, including his claim it is not based on empirical research and is inexplicably severe, resulting in disproportionate sentences, double counting of prior felonies, and otherwise punishes those, like him, who have committed non-violent, non-drug-related "status crime[s]" by imposing sentences similar to those imposed for far more serious crimes, such as sex trafficking of children, bombings of airports or mass transit facilities, and robbery with a dangerous weapon causing serious bodily injury. In making this argument, Mr. Soto-Lopez concedes our decision in *United States v. Algarate-Valencia*, 550 F.3d 1238, 1245 (10th Cir. 2008), upholds the issue of double counting with respect to prior convictions for the purpose of calculating both an enhancement under § 2L1.2(b) and a defendant's criminal history, but he asks us to reexamine our holding in light of the arguments he presents on appeal. The government opposes his appeal.

We review a sentencing court's factual findings under the Guidelines for clear error and its legal determinations *de novo*. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). We review for reasonableness the sentence imposed, including "the length of the sentence, as well as the *method* by which the sentence was calculated." *Id.* at 1055. A sentence properly calculated under

the Guidelines is entitled to a rebuttable presumption of reasonableness, and the defendant bears the burden of rebutting that presumption "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.*

With respect to U.S.S.G. § 2L1.2(b), it is clear the Guidelines are advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220, 264 (2006). However, as the district court indicated, they are still a factor to be considered in imposing a sentence, which means that district courts "'must consult those Guidelines and take them into account when sentencing.'" *Kristl*, 437 F.3d at 1053 (quoting *Booker*, 543 U.S. at 264). Moreover, we have "routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007). In that regard, U.S.S.G. § 2L1.2(b) permits the double counting of a prior conviction for the purpose of both applying a sixteen-level enhancement and calculating a defendant's criminal history. *See* U.S.S.G. § 2L1.2 cmt. n.6.

Based on these legal principles and provisions, we reject Mr. Soto-Lopez's claim of impermissible double counting, either as applied to him or in contesting the enhancement on its face. Clearly, U.S.S.G. § 2L1.2(b)(1)(A)(ii) recommends

application of a sixteen-level sentencing enhancement if the defendant is deported after committing a violent crime, which, in this case, occurred after Mr. Soto-Lopez's 2006 felony conviction for burglary of a dwelling. Under § 2L1.2(b), his prior conviction may be used to calculate both the sixteen-level enhancement and his criminal history, and we will not overturn our clear and long-held precedent upholding as reasonable the use of such a prior conviction where the Guidelines authorize it. Indeed, until the Supreme Court or this court overrules such precedent, we are bound by it. *See United States v. Castellanos-Barba*, 648 F.3d 1130, 1133 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1740 (2012).

We also reject Mr. Soto-Lopez's argument the crime of illegal reentry is not a serious offense for the purpose of supporting his argument that the promulgation of the sixteen-level enhancement under § 2L1.2(b) lacks sound policy rationale and is otherwise facially defective, unusually severe, or invalid. Not only is his prior felony for burglary of a dwelling considered a serious crime, so is the crime of illegal reentry by ex-felons into this country, for which Congress has imposed a statutory maximum sentence of ten to twenty years, depending on whether the prior conviction, like here, is for an aggravated felony. *See* 8 U.S.C. § 1326(b)(1), (2). In viewing the penalties prescribed by Congress, we have held a sentence within the statutory limits, like Mr. Soto-Lopez's, generally will not be found to be unconstitutionally cruel and unusual. *See*

*United States v. Newsome*, 898 F.2d 119, 122 (10th Cir. 1990). In addition, the United States Sentencing Commission makes clear, through its promulgation of U.S.S.G. § 2L1.2(b), that it considers the illegal reentry of an alien who has committed a violent crime, such as burglary of a dwelling, to be as serious as the illegal reentry of aliens who have committed other crimes of violence and are subject to the same advisory sixteen-level enhancement of which Mr. Soto-Lopez complains.[1] We have consistently applied the sixteen-level enhancement under § 2L1.2(b) on multiple occasions to criminal sentences and decline at this time to declare it categorically invalid, defective, or unusually severe on its face or under the circumstances presented in this case.

Finally, other than his arguments with respect to § 2L1.2(b), Mr. Soto-Lopez does not suggest his sentence is incorrectly calculated in conjunction with application of the advisory Guidelines. However, even if we consider the calculation of his sentence under our deferential abuse of discretion standard, *see United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008), we find nothing in the record to persuade us his sentence is procedurally unreasonable.

---

[1] *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii) (explaining violent crimes for the purpose of the Guidelines include "[m]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, ..., statutory rape, sexual abuse of a minor, robbery, arson, ..., *burglary of a dwelling,* or any other offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another") (emphasis added).

The record does not reveal any errors in its calculation, and the district court in this case explicitly explained the sentencing factors it considered in granting the requested variance. As a result, his below-Guidelines sentence is presumptively reasonable.

As to the substantive reasonableness of his below-Guidelines sentence, the fact Mr. Soto-Lopez did not receive the degree of variance he desired is, without more, insufficient to carry his burden. In this case, the district court considered the circumstances surrounding the variance, including those weighing in favor and against it, and we may not examine the weight it assigned to the various § 3553(a) factors, or its ultimate assessment of the balance between them, but must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 808 (internal quotation marks omitted). "Although the degree of variance from the Guidelines range remains a *consideration* on appeal, it may not define our threshold standard of review," nor do we "seek a certain mathematical precision by requiring that § 3553(a) factors reach some specific level of evidentiary weight." *Id.* at 807 (internal citation omitted).

Applying such a review, it is clear the district court considered Mr. Soto-Lopez's claims regarding the severity of the application of the § 2L1.2(b)

enhancement and his cultural assimilation and granted a variance based on those grounds. We do not consider the degree of variance unreasonable under the circumstances presented, especially where Mr. Soto-Lopez committed a multitude of crimes over many years, including one as serious as burglary of a dwelling, even if many of the other crimes were minor. The degree of variance is further supported by the district court's consideration of the nature and circumstances of the serious offense of unlawful reentry, Mr. Soto-Lopez's unfavorable history and characteristics, and the issues of deterrence and the need to protect the public from Mr. Soto-Lopez committing other crimes in the United States. Having failed to sufficiently rebut the presumptive reasonableness of his sentence, Mr. Soto-Lopez has failed to show his below-Guidelines sentence is substantively unreasonable.

## III. Conclusion

For these reasons, we **AFFIRM** Mr. Soto-Lopez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge