FILED
United States Court of Appeals
Tenth Circuit

March 28, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS AVALOS-ESTRADA,

Defendant - Appellant.

No. 12-3274

(D. Kansas)

(D.C. No. 6:12-CR-10120-EFM-1)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Luis Avalos-Estrada, pled guilty to illegally reentering the United States after being deported following the commission of a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

drug trafficking crime for which the sentence imposed was more than thirteen months, in violation of 8 U.S.C. § 1326. He was sentenced to fifty-seven months' imprisonment. Arguing that his sentence is unreasonable because it includes a sixteen-level enhancement, thereby leading to a higher sentence, Mr. Avalos-Estrada appeals. We affirm.

## BACKGROUND

As indicated, Mr. Avalos-Estrada pled guilty on July 24, 2012, to illegal reentry, following a prior deportation after the commission of an aggravated felony (cocaine distribution in 2007). In preparation for sentencing under the advisory United States Guidelines Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated Mr. Avalos-Estrada's total offense level at 21, which included a 16-level increase pursuant to USSG §2L1.2(b)(1)(A)(i) because he had been previously deported following a conviction for a drug trafficking crime for which he received a sentence in excess of thirteen months. With a criminal history category of IV, the PSR recommended a sentencing range of 57 to 71 months.

Mr. Avalos-Estrada filed a sentencing memorandum seeking a "variance" from the advisory Guidelines range, arguing that there should be a policy change from the 16-level increase under USSG §2L1.2(b)(1)(A) and that his favorable characteristics warranted a variance from the advisory range.

At his sentencing hearing, Mr. Avalos-Estrada again sought the downward "variance." The district court explicitly recognized it had authority to depart from the Guidelines range, but decided not to. The district court addressed Mr. Avalos-Estrada's request for a variance at length:

> I understand the policy arguments Mr. Henderson's made with respect to the 16-point enhancement, and I certainly understand why many consider that to be, perhaps, excessively harsh, but as he's acknowledged, that's a policy argument. That's probably a policy argument that is addressed to Congress or to the U.S. Sentencing Commission. I have the authority to vary from the U.S. Sentencing Guidelines, but I think, as the lawyers know, I'm generally reluctant to do that, and because those bodies, specifically Congress and the sentencing commission, that have been entrusted with making the policy decisions, have assigned 16 points to the history and behavior which this defendant presents with, I don't feel it's appropriate for me to second-guess those decisions.

Tr. of Sentencing H'rg at 19-20, R. Vol. 3 at 21-22. Thus, after explaining why it would not deviate from the 16-level enhancement to Mr. Avalos-Estrada's total offense level, the district court further explained why no departure or variance at all was warranted:

> So given the guideline calculation that those policy decisions lead us to, and given my concerns that, if anything, the criminal history may be underrepresented because of Mr. Avalos' lengthy record of driving offenses, which violated our country's rules and, frankly, put citizens at risk, . . . I'm not inclined to think that a variance or departure from the guideline calculation that exists in this case is appropriate or warranted.

Id. at 22.  After providing that explanation, and noting the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Mr. Avalos-Estrada to 57 months' imprisonment, followed by 2 years of supervised release.

Mr. Avalos-Estrada appeals his sentence, arguing "[i]t was not reasonable for the District Court to defer to the Sentencing Commission and apply th[e] 16 level enhancement."  Appellant's Br. at 2.

**DISCUSSION**

We review sentences for reasonableness under a deferential abuse-of-discretion standard.  See United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008).  "'Reasonableness review is a two-step process comprising a procedural and a substantive component.'"  Id. (quoting United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008).  See Gall v. United States, 552 U.S. 38, 51 (2007).  Mr. Avalos-Estrada concedes that the district court correctly calculated his sentence under the Guidelines; he therefore makes no argument about the procedural reasonableness of the sentence.  He challenges only its substantive reasonableness.

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007).  Sentences which fall within a properly calculated guidelines range are

entitled to a rebuttable presumption of substantive reasonableness. United States v. Parker, 553 F.3d 1309, 1322 (10th Cir. 2009).

The government initially argues that we have no jurisdiction to hear this appeal. We have held that we lack jurisdiction to review a district court's discretionary decision to deny a motion for a downward departure on the grounds that a particular defendant's circumstances do not warrant such a departure. See United States v. Sierra-Castillo, 405 F.3d 932, 936 (10th Cir. 2005). Rather, a "district court is presumed to understand that it has discretion to downwardly depart unless the court unambiguously states that it lacks such discretion." Id. The district court in this case made it clear it had the discretion in this case to depart from an advisory Guidelines sentence. But, it did not refuse to "depart" or "vary" on the ground that Mr. Avalos-Estrada's particular circumstances did not warrant such a departure; rather, it decided to follow the advisory Guidelines as written, and not deviate based upon a policy disagreement with the Guidelines. Such a decision is reviewable.

Mr. Avalos-Estrada's primary argument involves the applicability of the 16-level enhancement accorded his sentence. He argues that it contributes to a sentence for him which is as long as sentences imposed for much more serious crimes. He makes several more specific arguments in opposition to the 16-level enhancement: (1) there is no policy rationale supporting it; (2) it is "excessive and defective" when compared to "historical and average sentences in

immigration cases, as well as to average sentences imposed for all federal criminal offenses nationwide"; (3) the average sentence for immigration offenders was 5.7 months before the imposition of the Guidelines, but 16.8 months with the Guidelines in place;[1] (4) illegal re-entry crimes are categorized at the same level as much more serious crimes; and (5) by using prior convictions to increase the base offense level *and* to compute criminal history categories, there is prohibited "double-counting."  Appellant's Br. at 2.  He thus claims the 16-level enhancement provision is unreasonable and his sentence including such an enhancement is unreasonable.

As Mr. Avalos-Estrada concedes, all of these arguments have been rejected by our court in previous cases.  See, e.g., United States v. Alvarez-Bernabe, 626 F.3d 1161, 1165-67 (10th Cir. 2010) (rejecting the argument that USSG §21.2(b)(1)(A) is invalid because it lacks a policy rationale and it results in unwarranted disparities); United States v. Soto-Lopez, 2013 WL 1112189, at **2-4 (10th Cir. 2013) (unpublished) (rejecting argument about double-counting and lack of policy rationale); United States v. Carrera-Diaz, 2013 WL 518527, at *2

---

[1]Mr. Avalos-Estrada endeavors to make an argument comparing the average sentence for all federal crimes with some other average sentence.  Unfortunately, the sentence as stated in his brief, making this argument, reads as follows:  "The average sentence for all federal crimes in 2010 was 44.3 months.  By comparison, the average sentence for all federal crimes in 2010 was 44.3 months."  Appellant's Br. at 7.  And we were unable to locate the source for these statistics by using the internet cite provided.  Thus, we do not directly address this argument.

& n.1 (10th Cir. 2013) (unpublished) (upholding validity of enhancement because bound by precedent and rejecting argument about lacking a policy rationale); United States v. Gomez-Alvarez, 482 Fed. Appx. 330, 334 (10th Cir. 2012) (unpublished) (upholding validity of enhancement because bound by precedent); United States v. Aguilar-Perez, 459 Fed. Appx. 791, 794-95 (10th Cir. 2012) (unpublished) (rejecting argument comparing illegal re-entry sentences with sentences for "more serious" crimes and upholding its validity as bound by precedent); United States v. Gonzalez-Barreras, 434 Fed. Appx. 766, 767-68 (10th Cir. 2011) (unpublished) (rejecting argument about lack of empirical data supporting enhancement and upholding validity as bound by precedent); United States v. Rincon-Torres, 439 Fed. Appx. 683, 686-87 (10th Cir. 2011) (unpublished) (rejecting argument that enhancement unfairly double-counts); United States v. Ochoa-Olivas, 426 Fed. Appx. 612, 615 (10th Cir. 2011) (unpublished) (rejecting argument that enhancement unfairly double-counts); United States v. Chacon-Orozco, 421 Fed. Appx. 810, 813-14 (10th Cir. 2010) (unpublished) (rejecting double-counting argument).[2]

We cannot, and would not wish to, rule against these multiple precedents. Despite amendments to the Guidelines on a regular basis, the Sentencing Commission has declined to alter the challenged enhancement. As we have stated

---

[2]We note that we do not regard unpublished decisions as citable precedent. We nonetheless cite these unpublished decisions because we agree with the reasoning of them.

before, arguments about the wisdom of such an enhancement should be addressed to the Commission and Congress.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge