FILED
United States Court of Appeals
Tenth Circuit

May 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARDO CARRASCO-ORTIZ,

    Defendant - Appellant.

No. 15-2174
(D.C. No. 2:14-CR-03820-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Edwardo Carrasco-Ortiz pled guilty to unlawful re-entry and received a sentence of 57 months' imprisonment. His counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

Carrasco-Ortiz was deported from the United States on July 31, 2014, after serving a sentence for Re-entry After Deportation. He was arrested again on August

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

17, 2014, in New Mexico and again charged under 8 U.S.C. § 1326, Re-entry of Removed Aliens. Carrasco-Ortiz pled guilty without a plea agreement. Because he was previously convicted of attempted second degree murder in New York, the Presentence Investigation Report ("PSR") calculated a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), which resulted in a Guidelines range of 57 to 71 months' imprisonment. Carrasco-Ortiz requested a downward variance to 24 months. However, the district court concluded that Carrasco-Ortiz had "been appropriately awarded a 16-level increase" for his prior attempted murder conviction, and that any downward variance would not "promote respect for the law" because of his multiple re-entry convictions and the need to deter him from again re-entering the United States. The court further noted that Carrasco-Ortiz did not make "any argument that [his New York conviction was for] anything other than a very violent felony." The court thus adopted the PSR calculation and sentenced Carrasco-Ortiz to a within-Guidelines term of 57 months' imprisonment. He timely appealed.

On appeal, Carrasco-Oritz's appointed counsel filed an <u>Anders</u> brief. When an attorney conscientiously examines a case and determines that an appeal would be frivolous, counsel must submit a brief advising the court and requesting permission to withdraw. <u>Anders</u>, 386 U.S. at 744. The defendant may then submit a pro se brief, <u>id.</u>, as Carrasco-Ortiz did. If, after review, the court determines the appeal is frivolous, it may grant the request to withdraw and dismiss the appeal. <u>Id.</u> However, if the court finds any "legal points arguable on their merits (and therefore not

2

frivolous) it must . . . afford the indigent the assistance of counsel to argue the appeal." Id.

Counsel identifies the classification of Carrasco-Ortiz's attempted murder conviction as a crime of violence as a potentially appealable issue.[1] However, counsel notes that because Carrasco-Ortiz did not raise the issue in the district court, any review would be for plain error. See United States v. Pablo, 696 F.3d 1280, 1287 (10th Cir. 2012). Even assuming legal error, counsel argues that such a mistake would not be "plain" under our jurisprudence. "An error is plain if it is clear or obvious under current, well-settled law. In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." United States v. DeChristopher, 695 F.3d 1082, 1091 (10th Cir. 2012).

---

[1] Although counsel raises two other issues to consider, Carrasco-Ortiz concedes that any other claim would be frivolous. However, we also note counsel's argument below, which he omits from his Anders brief. In his sentencing memorandum, counsel argued that the § 3553(a) factors required a below-Guidelines sentence "based on the excessive and unwarranted severity of the Sentencing Guideline itself." This argument constitutes another potentially appealable issue, particularly because a district court may deviate from the Guidelines "based on policy disagreements with them," United States v. Lopez-Macias, 661 F.3d 485, 490 (10th Cir. 2011). The district court observed that "the 16-level enhancement does create some disproportionately severe sentences" and the court noted its "great trepidation" in applying the enhancement. The district court clearly harbored some policy disagreement with the enhancement. But discretion to vary the sentence does not overcome our previous holdings that the enhancement is not presumptively or inherently unreasonable. See, e.g., United States v. Avalos-Estrada, 520 F. App'x 652, 655 (10th Cir. 2013) (unpublished) (collecting cases rejecting substantive unreasonableness arguments). Thus, while it is within the power of the district court to vary from a properly calculated Guideline, an argument that the district court acted outside of its discretion by imposing this within-Guidelines sentence would be wholly frivolous.

3

We have not uncovered any rulings from this court or the Supreme Court determining whether a New York state conviction for attempted second degree murder qualifies as a crime of violence.  Further, rulings from other courts suggest the conviction qualifies.  See, e.g., United States v. Godoy-Castaneda, 614 F. App'x. 768, 772 (5th Cir. 2015) (unpublished) (holding that the first subsection of New York's second degree murder statute "is within the generic, contemporary meaning of murder" and thus qualifies as a crime of violence for purposes of § 2L1.2(b)(1) (A)(ii)).[2]  Given the absence of controlling authority—and the presence of persuasive authority to the contrary—we agree with counsel that any argument that the district court committed plain error in classifying the attempted second degree murder conviction as a crime of violence would be wholly frivolous.

Because our record review does not reveal any non-frivolous grounds for appeal, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] The record is not definitive as to which subsection of the second degree murder statute formed the basis of Carrasco-Ortiz's previous conviction.  However, the "Certificate of Disposition Indictment" suggests that he was convicted under subsection one.  The court considered the same uncertainty, and made the same inference in Godoy-Castaneda, 614 F. App'x. at 773.